## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## FORT WAYNE DIVISION

| | | |
|---|---|---|
| **JOHN DOE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 1:20-cv-0039-HAB-SLC** |
| | ) | |
| **INDIANA WESLEYAN UNIVERSITY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### OPINION AND ORDER

Before the Court is a Joint Motion for Entry of Stipulated Protective Order (ECF 37) filed by the parties, seeking the Court's approval and entry of a proposed stipulated protective order pursuant to Federal Rule of Civil Procedure 26(c) (ECF 37-1).

Rule 26(c) allows the Court to enter a protective order for good cause shown.[1]  *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999). A protective order, however, must only extend to "properly demarcated categor[ies] of legitimately confidential information."  *Id.*; *see MRS Invs. v. Meridian Sports, Inc.*, No. IP 99-1954-C-F/M, 2002 WL 193140, at *1 (S.D. Ind. Feb. 6, 2002) (rejecting proposed protective order because categories of protected information were overly broad and vague); *Cook, Inc. v. Boston Sci. Corp.*, 206 F.R.D. 244, 248-49 (S.D. Ind. 2001) (same).

Here, the proposed order describes four narrowly demarcated categories of information

---

[1] "[T]he same scrutiny is not required for protective orders made only for discovery as for those that permit sealed filings." *Containment Techs. Grp., Inc. v. Am. Soc'y of Health Sys. Pharmacists*, No. 1:07-cv-997-DFH-TAB, 2008 WL 4545310, at *3 (S.D. Ind. Oct. 10, 2008); *see also Baxter Int'l, Inc. v. Abbot Labs.*, 297 F.3d 544, 545 (7th Cir. 2002) ("Secrecy is fine at the discovery stage, before the material enters the judicial record.  But those documents, usually a small subset of all discovery, that influence or underpin the judicial decision are open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality." (citations omitted)).  Because the proposed order contemplates sealed filings (ECF 37-1 ¶¶ 7-9), it requires a stricter level of scrutiny.

constituting "Confidential Discovery Material":

> (a) student records, including information derived from student records, relating to current or former students of Indiana Wesleyan University ("IWU"), including Plaintiff; (b) personal identifiable information or similarly sensitive information of current of former IWU students; (c) medical information concerning any individual; (d) any other record which may include information protected under federal law . . . .

(ECF 37-1 ¶ 2).  Further, the proposed order properly states that "[w]here possible, only portions of [filings] with the Court constituting Confidential Discovery Materials shall be filed under seal."  (*Id.* ¶ 7); *compare Cincinnati Ins. Co.*, 178 F.3d at 945 (stating that an order sealing documents containing confidential information is overly broad because a document containing confidential information may also contain material that is not confidential, in which case a party's interest in maintaining the confidential information would be adequately protected by redacting only portions of the document).

Accordingly, the motion (ECF 37) is GRANTED and the proposed stipulated protective order (ECF 37-1) is APPROVED and ADOPTED as an Order of the Court, except that:

(1)     The provision in Paragraph 10 requiring the return or destruction of Confidential Discovery Material at the conclusion of this matter shall not apply to the Court; and

(2)     While the Order will remain in force after the termination of the suit as set forth

in Paragraph 10, the Court will not retain jurisdiction over the Order, as the Court is unwilling to enter a protective order that suggests it retain jurisdiction of any kind after resolution of the case.  *See EEOC v. Clarice's Home Care Serv., Inc.*, No. 3:07-cv-601 GPM, 2008 WL 345588, at *2 (S.D. Ill. Feb. 7, 2008) (encouraging the parties to make a contractual agreement among themselves for the return of sensitive documents without court oversight); *see also Large v. Mobile Tool Int'l, Inc*., No. 1:02-CV-177, 2010 WL 3120254, at *1 (N.D. Ind. Aug. 6, 2010).

SO ORDERED.

Entered this 2nd day of April 2020.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge

3